UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAMIKA DAVIS, )
AS PARENT GUARDIAN OF THE MINOR CHILD, )
K.J. )
and )
K.J. INDIVIDUALLY, )
3126 E. ST. S.E. )
Washington, D.C. 20019 )
)
and )
)
JAYNE PRESTON, )
INDIVIDUALLY )
5113 Dix St. N.E. )
Washington, D.C. )
)
    PLAINTIFFS )
)
    vs. )
)
THE DISTRICT OF COLUMBIA, )
)
    DEFENDANT )

## **COMPLAINT**

### JURISDICTION

1. Jurisdiction of this Court is founded in the Individuals with Disabilities Education Act, 28 U.S.C. 1331 and 20 U.S.C. 1400, *et. seq.*, (herein IDEA and the Individuals with Disabilities Education Improvement Act of 2004 (herein IDEIA), 34 C.F.R. Part 300, *et seq.*

### PARTIES

2. Plaintiff K.J. is a minor child. Plaintiff Tamika Davis is K.J.'s parent. Both plaintiffs are currently residents of the District of Columbia and were residents of the District of Columbia during the time of the underlying administrative proceedings.

3. Plaintiff J.P. is an adult, filing on her own behalf. Plaintiff J.P. is currently a resident of the District of Columbia and was a resident of the District of Columbia during the time of the underlying administrative proceedings.

4. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools system (herein "DCPS"). DCPS is

responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and is responsible for issuing checks in payment of reasonable attorney fees and costs incurred by the Plaintiffs in pursuing claims under IDEIA.

## LEGAL FRAMEWORK

5. An award of attorneys' fees is proper and just in this matter pursuant to the IDEIA and its implementing regulations, which state, *inter alia*:

> (a) *In general.* (1) In any action or proceeding brought under section 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to—
> (i) The prevailing party who is the parent of a child with a disability;

34 C.F.R. §300.517(a)(i).

6. The regulations further state:

> (c) *Award of fees.* A court awards reasonable attorneys' fees under section 615(i)(3) of the Act consistent with the following:
> (1) Fees awarded under section 615(i)(3) of the Act must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.

34 C.F.R. §300.517(c)(1).

## FACTS

*Plaintiffs Tamika Davis & K.J.*

7. On May 16, 2013, pursuant to IDEIA, Hearing Officer Melanie Chisholm granted the Plaintiff's Motion for Summary Determination concerning the special education needs of K.J., over the objection of DCPS. K.J. and his mother were the prevailing parties in this proceeding.

8. On October 14, 2013, pursuant to IDEIA, undersigned counsel submitted a petition for attorney fees to DCPS in the amount of $9,923.

9. The DCPS Attorney Fee Department offered Plaintiffs a Settlement Agreement. The amount offered to Plaintiffs was significantly lower than the invoiced amount, and Plaintiffs did not accept the offer. Settlement negotiations were not productive, and Plaintiffs were advised to proceed to court, as the invoices would not be reviewed.

10. The outstanding amount of attorney fees owed to Plaintiff Tameka Davis by Defendant is $9,923.

*Plaintiff Jayne Preston*

11. On April 29, 2013, pursuant to IDEIA, an administrative due process hearing was held concerning the special education needs of J.P. The Hearing Officer's Determination was issued on June 3, 2013. J.P. was the prevailing party in this proceeding.

12. On October, 2013, pursuant to IDEIA, a petition for attorney fees was submitted to DCPS in the amount of $13,617.

13. The DCPS Attorney Fee Department offered Plaintiffs a Settlement Agreement. The amount offered to Plaintiffs was significantly lower than the invoiced amount, and Plaintiffs did not accept the offer. Settlement negotiations were not productive, and Plaintiffs were advised to proceed to court, as the invoices would not be reviewed.

14. The outstanding amount of attorney fees owed to Plaintiff Jayne Preston by Defendant is $13,617.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Find that with respect to each Plaintiff, Defendant has deprived said Plaintiff of rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. 1400 *et. seq.*;

B. Award to each Plaintiff attorney fees pursuant to IDEA as follows:

   Tameka Davis        $  9,923
   Jayne Preston       $ 13,617

C. Award to each Plaintiff, pursuant to 42 U.S.C. Sec. 1988, *et.seq.*, the attorney fees and costs incurred by virtue of the instant lawsuit; and

D. Award whatever other relief this honorable Court deems appropriate and just.

Respectfully submitted,

*Carolyn Houck*
Carolyn W. Houck, Esq.
5614 Connecticut Avenue, N.W.
Washington, D.C. 20015
Telephone: 301-951-4278
Fax:       866-297-4248
Email:     cwhouck1@gmail.com
DC Bar Number: 459746