# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| TAMIKA DAVIS, parent/guardian of minor child, K.J., and K.J., individually, | ) ) ) ) | |
| and | ) ) | |
| JAYNE PRESTON, individually, | ) ) | |
| Plaintiffs, | ) | Civil Action No. 13-1852 (AK) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

This case is pending before the undersigned for all purposes pursuant to the parties' February 26, 2014 Notice, Consent, and Reference of a Civil Action to a Magistrate Judge [9]. Pending before the Court is Plaintiffs' Motion for Summary Judgment ("Motion") [10] and Memorandum of Points and Authorities in support thereof ("Memorandum") [10-1], Defendant's Opposition to Motion and Cross-Motion for Summary Judgment (Cross-Motion") [12], Plaintiffs' Reply to Defendant's Opposition and Opposition to Cross-Motion ("Pls.' Reply") [13] and Defendant's Reply to Plaintiffs' Opposition ("Def.'s Reply") [16].

Plaintiff Tamika Davis, on behalf of K.J., and K.J. individually (collectively "Plaintiff Davis") requests from Defendant District of Columbia ("Defendant" or "the District") a total of $10,457.50 in attorneys' fees incurred in pursuing an administrative proceeding brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq.* (Memorandum at 2-3.) Plaintiff Jayne Preston ("Plaintiff Preston") requests a total of

$14,213.00 in attorneys' fees and costs from Defendant. Defendant challenges the hourly rate applied to Plaintiffs' claims for attorney's fees and asserts that there is a cutoff date on Plaintiffs' claims for attorney's fees, which coincides with the dates that settlement offers were made.

## I. BACKGROUND

Plaintiff Davis is the parent of K.J., a minor child who is a student with a disability. (Memorandum at 2.) Plaintiff Preston is an adult student who requires special education services pursuant to the IDEA. (*Id.*) The IDEA guarantees all children with disabilities a Free Appropriate Public Education ("FAPE"), 20 U.S.C. § 1400(d)(1)(A), and in general, FAPE "is available to all children with disabilities residing in the State between the ages of 3 and 21, . . . ." 20 U.S.C. §1412(a)(1)(A). Defendant District of Columbia is a municipal corporation that operates the District of Columbia Public Schools System ("DCPS"). (Complaint [1] ¶4.) The District receives federal funds pursuant to the IDEA to ensure access to a Free and Appropriate Public Education ("FAPE") and it is obliged to comply with applicable federal regulations and statutes including the IDEA. *See* 20 U.S.C. § 1411. Pursuant to 20 U.S.C. §1415(i)(3)(B), a court may award reasonable attorney's fees to a parent of a child with a disability who prevails in an IDEA proceeding.

Plaintiff Davis [referred to as "Petitioner" at the administrative level] filed an Administrative Due Process Complaint on March 18, 2013, requesting that the Hearing Officer find that DCPS "violated the student's right to a [FAPE] by failing to evaluate the student within 120 days from a written request from the parent." ( Motion Exh.1 [Administrative Due Process Complaint Notice] at 2.) Plaintiff Davis sought: 1) funding of an independent comprehensive psychological evaluation; 2) a meeting to review evaluations, determine eligibility, develop an

IEP (if eligible) and determine placement; and 3) the development of a compensatory education plan (if the student was deemed eligible for special education). (Exh. 1 at 2-3.)[1]

On May 16, 2013, the Hearing Officer entered an Order Granting Petitioner's Motion for Summary Judgment (Motion Exh. 2 [May 16, 2013 Order]) noting that:

> In the present matter, it is uncontested that the parent provided a written request for a special education evaluation for the student on October 18, 2012; that DCPS did not complete the special education evaluation by February 15, 2013; and that DCPS has not begun the evaluation process. DCPS did not offer any defense suggesting that the student has no academic or behavioral difficulties or that prior written notice was provided to the parent outlining the reasons DCPS refused to evaluate the child. The only defenses provided by DCPS were that the parent did not personally deliver the request, that the parent requested evaluations for several students on the same day therefore the request for this student could have been a typographical error and that the parent should have provided DCPS with multiple requests or reminders during the 120-day timeline.

(Exh. 2 at 3.)

The Hearing Officer ordered DCPS to conduct an initial evaluation of the student within 60 calendar days or, if not done within that time frame, to fund an independent comprehensive psychological evaluation to be completed within 105 days, and thereafter to convene a multi-disciplinary team ("MDT") meeting to review the results and determine eligibility for special education. (Exh. 2 at 3-4.)

Plaintiff Preston's Administrative Due Process Complaint Notice (Motion Exh. 4) was filed on March 20, 2013 and the issues to be considered included whether DCPS failed to adequately evaluate the Student; whether DCPS failed to develop IEPs during School Years ("SYs") 2010/11, 2011/12, and 2012/13; and whether DCPS failed to provide appropriate placement during those School Years. (Exh. 4 at 4.) The Hearing Officer convened a hearing on May 13, 2013, and issued his Hearing Officer Determination ("HOD") on June 3, 2013. (Motion Exh. 5 [June 3, 2013 HOD].) The Hearing Officer considered the Petitioner's allegations

---

[1] The evaluation sought was an initial evaluation of the minor child. (Exh. 2 at 1.)

- 3 -

regarding denial of FAPE and the Petitioner's requests that DCPS fund an independent comprehensive psychological evaluation (including cognitive, academic, and clinical assessments as well as a social history) and convene a meeting to review the evaluations, develop an appropriate IEP and determine placement. (Exh. 5 at 1.)

Plaintiff Preston's Due Process Hearing was convened on May 13, 2013. (Exh. 5 at 2.) The Hearing Officer concluded that the Student was not evaluated during SY 2012/13 or SY 2011/12 and there was no evidence of an evaluation in SY 2010/11 either. (Exh. 5 at 6-7.)[2] The Hearing Officer further found that DCPS failed to provide the Student with an IEP during a three-month period from March 2012 through the end of the SY 2011/12 and for a four month period from the start of SY 2012/13 through December 2012; however, the Petitioner presented no evidence "regarding the form and amount of compensatory education required to place Student in the position he would have occupied but for DCPS's denial of a FAPE." (Exh. 5 at 8.) With regard to the issue of placement, the Hearing Officer concluded that while Petitioner failed to provide any evidence about the appropriateness of the Student's educational placement in SY 2010/11 (from March 2011 through the end of the school year), DCPS failed to provide the Student with an appropriate placement /location of services during SY 2011/12 and SY 2012/13. (Exh. 5 at 9.)

The Hearing Officer ordered that DCPS provide the Petitioner with funding for an independent psychological evaluation including clinical, academic, cognitive and educational components as well as a social history. (Exh. 5 at 9.) DCPS was also ordered to convene an IEP meeting for the Student to review the evaluations and revise the Student's IEP and determine an appropriate educational placement/location of services. (Motion Exh. 5 at 9-10.)

---

[2] Prior to the Due Process Hearing, the Hearing Officer determined that Petitioner would "only be able to pursue its claims back to 3/20/11, which is two years prior to the filing of the Complaint." (Exh. 5 at 2.)

## II. <u>LEGAL STANDARD</u>

### A. Summary Judgment on an IDEA Claim

A party moving for summary judgment on legal fees must demonstrate prevailing party status and the reasonableness of the fees requested in terms of hours spent and hourly rate.[3] Pursuant to Fed. R. Civ. P. 56(a), summary judgment shall be granted if the movant shows that there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56). "A fact is material if it 'might affect the outcome of the suit under the governing law' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for a nonmoving party.'" *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson*, 477 U.S. at 298).

Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court is required to draw all justifiable inferences in the nonmoving party's favor and to accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. The nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. The non-moving party cannot rely on allegations or conclusory statements; instead, the non-moving party is obliged to present specific facts that would enable a reasonable jury to find it its favor. *Greene v Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

---

[3] The typical summary judgment standard is inapplicable here because "[t]he IDEA authorizes a court to award fees in its discretion and to base the award on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Parks v. District of Columbia*, 895 F. Supp. 2d 124, 129 (D.D.C. 2012) (citation and internal quotations omitted).

## 1. Prevailing Party Status

The IDEA gives courts authority to award reasonable attorney's fees to the parents of a child with a disability who is the prevailing party. 20 U.S.C. §1415(i)(3)(B).[4] The court must initially determine whether the party seeking attorney's fees is the prevailing party. *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010). *See District of Columbia v. West*, 699 F. Supp. 2d 273, 278 (D.D.C. 2010) (in considering a claim for IDEA attorney's fees, it is the court "not the hearing officer in the administrative proceeding, which determines prevailing party status.") (quoting *D.C. v. Straus*, 607 F. Supp. 2d 180, 183 (D.D.C. 2009)).

A party is generally considered to be the prevailing party if he succeeds "on any significant issue in litigation which achieves some of the benefit sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-279 (1st Cir. 1978)). The Supreme Court has indicated that the term "prevailing party" only includes plaintiffs who "secure a judgment on the merits or a court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't Health & Human Resources*, 532 U.S. 598, 600 (2001). The Supreme Court therefore rejected the "catalyst theory" whereby a plaintiff would be a prevailing party if the lawsuit brought about the desired result through a voluntary change in the defendant's conduct. *Id.* at 605. The Supreme Court instead determined that a prevailing party must obtain a "material alteration of the legal relationship of the parties." *Id.* at 604 (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). The standards in *Buckhannon* apply to administrative hearings under the IDEA even

---

[4] An action or proceeding under IDEA includes both civil litigation in federal court and administrative litigation before hearing officers. *Smith v. Roher*, 954 F. Supp. 359, 362 (D.D.C. 1997); *Moore v. District of Columbia*, 907 F.2d 165, 176 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990).

though the relief granted is administrative as opposed to judicial. *Abarca v. District of Columbia*, Civil Action No. 06-1254, 2007 WL 1794101 *2 n.1 (D.D.C. June 19, 2007).

"[T]he term prevailing party [is] a legal term of art" that requires more than achieving the desired outcome; the party seeking fees must also have been awarded some relief by the court. *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (internal quotations and citations omitted). In *Straus*, the Court of Appeals considered the following three factors to determine prevailing party status: 1) alteration of the legal relationship between the parties; 2) a favorable judgment for the party requesting fees; and 3) a judicial pronouncement accompanied by judicial relief. *Id.* at 901.

### 2. Fee Requests

The plaintiff has the burden of establishing the reasonableness of any fee requests. *See In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995). *See also Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("[A] fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates.") "An award of attorneys' fees is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case." *Smith v. Roher*, 954 F. Supp. 359, 364 (D.D.C. 1997) (citing *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983)); *see also Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The IDEA states that "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. §1415(i)(3)(C). To demonstrate a reasonable hourly rate, the fee applicant must show: (1) an attorney's usual billing practices; (2) counsel's skill, experience and reputation; (3) the prevailing market rates in the community. *Covington*, 57 F.3d at 1107

(citations omitted.) The determination of a "'market rate' for the services of a lawyer is inherently difficult" and is decided by the court in its discretion. *Blum*, 465 U.S. at 896 n.11. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* Additionally, an attorney's usual billing rate may be considered the "reasonable rate" if it accords with the rates prevailing in the community for similar services by lawyers possessing similar skill, experience and reputation. *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993).

### III. ANALYSIS

#### A. Fees Incurred after the Offer of Settlement

#### 1. Was the relief obtained by Plaintiffs more favorable than that offered by Defendant?

The District contends that the trial court should not award fees or costs that were incurred subsequent to Defendant's written offers of settlement because the relief obtained by Plaintiffs was not more favorable than that which was offered. (Cross-Motion at 9-12.) Attorney's fees may not be awarded and related costs may not be reimbursed in any IDEA action or proceeding for services performed subsequent to the time of a written offer of settlement if the offer is timely made, it is not accepted within ten days and "the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. §1415(I)(3)(D)(i)(I-III).

Comparing the relief granted by the Hearing Officer to Plaintiff Davis with the relief proposed by the District in its March 21, 2013 Offer of Settlement, this Court finds that under both, DCPS was to conduct/fund a comprehensive psychological assessment and DCPS would

subsequently convene a meeting to determine the Student's eligibility under IDEA. (Motion Exh. 2 [Order granting Petitioner's Motion for Summary Judgment] at 3-4; Cross-Motion Exh. 2 [Davis Offer of Settlement] at 1.)[5] With regard to Plaintiff Preston, under both the March 28, 2013 Offer of Settlement (Cross-Motion Exh. 3 [Preston Offer of Settlement] at 2) and the June 3, 2013 Hearing Officer's Determination (Motion Exh. 5 at 9-10), DCPS was to fund an independent comprehensive psychological evaluation including clinical, academic, and cognitive components as well as a social history, and thereafter, DCPS would convene a meeting to review and revise the Student's IEP.[6]

The District argues that because the relief proffered by DCPS was at least as favorable as the relief ultimately obtained by Plaintiff Davis and Plaintiff Preston, Plaintiffs are not entitled to recover any attorneys' fees after March 21, 2013 and March 28, 2013, respectively. (Cross-Motion at 9-12.) This Court agrees that the relief proffered by the District in both cases was substantially the same as the relief awarded by the Hearing Officer. Plaintiffs note however that pursuant to 20 U.S.C. §1415(i)(3)(E), "[n]otwithstanding subparagraph D, an award of attorneys' fees and related costs may be made to a parent who is a prevailing party and who was substantially justified in rejecting the settlement offer."

**2. Were Plaintiffs substantially justified in rejecting the offers of settlement?**

Plaintiffs claim that they were "substantially justified" in rejecting the offers of settlement because of the waiver language in the settlement agreement which states:

---

[5] The Hearing Officer's Order provided that if DCPS did not conduct an initial evaluation within 60 calendar days, it would then have to fund a comprehensive evaluation to be completed within 105 calendar days. (Motion Exh. 2 at 3-4.)

[6] The HOD also provided for a review of the "academic" component and noted that the "appropriate educational placement/location of services for [the] Student would be determined at the meeting." (Motion Exh. 5 at 9-10). Pursuant to the Settlement Agreement, the Student was to "agree[] to enroll in DCPS . . . by the date DCPS receives the evaluation. . . ." (Cross-Motion Exh. 3 at 2.)

> In exchange for the consideration provided herein the Petitioner agrees to waive all rights, claims, causes of action, known and unknown, against DCPS under IDEA that the Petitioner now asserts or could assert in the future for a Free and Appropriate Public Education (FAPE) for the Petitioner up to the date of this Agreement.

(Cross-Motion Exhs. 2 and 3 ¶6.)

Plaintiffs argue that the broad scope of this waiver would force them to give up any right to compensatory education that might result from any findings in the evaluations. (Pls.' Reply at 12.) Defendant argues that "Plaintiffs incorrectly assert that the language of the Proposed Settlement Agreements would have somehow forced Plaintiffs to forego all rights to any compensatory education to which Plaintiffs K.J. and Jayne Preston would have been entitled" and further that Paragraph 6 of the Agreement does not exclude rights to compensatory education. (Def.'s Reply at 5.) *But see Brighthaupt v. District of Columbia*, Civil Action No. 13-1294 (JMF), 2014 WL 1365506 at *5 (D.D.C. April 2, 2014) (In analyzing similarly broad waiver language in a settlement agreement in an IDEA fees case, the court noted that the issue of whether or not the agreement barred any claim for compensatory education was unresolved because it was a "complicated legal issue as to which reasonable lawyers could differ.")

The District notes however that in the instant case, neither Plaintiff was awarded compensatory education as part of the relief granted by the Hearing Officer. (Def.'s Reply at 5.) In K.J.'s case, the Due Process Complaint Notice asks that "[i]f [K.J. is determined to be] eligible for special education, DCPS will develop a compensatory education plan acceptable to the parent." (Motion Exh. 1 at 3.) Therefore, the Hearing Officer was not in a position to award compensatory education until K.J. was evaluated and eligibility was determined.[7]

---

[7] Plaintiff Davis did not however give up her right to claim compensatory education, which may have been the case if she had entered into a Settlement Agreement with the District.

With regard to Plaintiff Preston, the Petitioner did make a claim for compensatory education although the Hearing Officer noted that she "failed to provide any evidence at all that would enable the hearing officer to issue an award of compensatory education. . . ." (Motion Exh. 5 at 9.) The Hearing Officer thus declined to award compensatory education to compensate the Student for denial of FAPE. (Exh. 5 at 8.) "Nevertheless, the Hearing Officer [ ] order[ed] DCPS to convene a meeting upon completion of the independent evaluation . . . to determine an appropriate educational placement/location of services for [the] Student." (Exh. 5 at 9.)

Even assuming *arguendo* that the Plaintiffs were not substantially justified in rejecting the offer of settlement based on their claims that the waiver language was overly broad as to exclude any claim for compensatory education, Plaintiffs argue that they were substantially justified in rejecting the offers based on the fact that neither offer provided for reimbursement of any attorneys' fees. (Pls.' Reply at 12.)[8] *See Brighthaupt*, 2013 WL 1365506 at *6 (where plaintiffs were justified in rejecting the settlement offer made during the underlying administrative proceeding "based solely on the fact that defendant only offered $300 in attorney's fees for counsel's work on behalf of [plaintiffs]"). In *Brighthaupt*, *id.*, the court characterized DCPS's offer of attorney's fees as an "insincere offer" which "should not [be the] trigger that cuts off fees under the statue."

Defendant argues that the Plaintiffs were not substantially justified in rejecting the offers in this case on grounds that the offers did not include attorney's fees because the number of

---

[8] Both offers demanded that upon acceptance, the Petitioner would "immediately file a Request to Withdraw the administrative due process complaint **with prejudice** pending against DCPS. (Cross-Motion Exhs. 2 and 3 ¶3 (emphasis in original)). The Court notes that in the event the Due Process Complaint was withdrawn and the Hearing Officer did not memorialize the terms of the settlement agreement in an Order/HOD, the Plaintiffs may not have been considered prevailing parties for purpose of recovery of attorney's fees under the IDEA statute. *See generally Buckhannon*, 532 U.S. 598.

hours spent on each claim prior to the time the offer was made was nominal.[9] Defendant fails to address the *Brighthaupt* decision and instead relies upon the case of *Gary G. v. El Paso Indep. Sch. Dist.*, 632 F.3d 201 (5th Cir. 2011) for the proposition that "where the attorney had spent only 13.8 hours on the case before the district offered to settle, and given that the district offered all of the relief the parent sought, and exceeded that which the parent recovered in the administrative proceeding, the parent was not justified in rejecting the district's offer." (Def.'s Reply at 6.) The *Gary G.* decision is distinguishable for a number of reasons: 1) the relief that was proffered in settlement exceeded the relief obtained in that case [whereas in the instant case, the relief proffered is equivalent to what the Plaintiffs received]; 2) plaintiff's claim that he was justified in rejecting the settlement because the settlement offer was unenforceable was outright rejected by the court [whereas in the instant case, Plaintiffs' rejection of settlement based on the possible preclusion of compensatory education claims is viable]; and 3) there was no indication that the attorney discussed the settlement offer with his client [whereas in the instant case, the billing entries reflect that both Plaintiffs contemplated the settlement offers and rejected them]. (Motion Exhs. 3 &5.) *See Gary G.*, 632 F.3d at 209-210. Furthermore, the court in the *Gary G.* case clearly stated that "we do *not* hold that every plaintiff rejecting a settlement offer because it does not include such [legal] fees is, *per se*, not substantially justified in rejecting it." 632 F.3d 210.

The Court finds that Plaintiffs were substantially justified in rejecting the settlement offers proffered by the District not only because it is arguable that acceptance would have precluded them from pursuing compensatory education claims but also because the offers did not include any reimbursement of their attorney's fees. Accordingly, the Court must now consider

---

[9] Defendant indicates that counsel spent 5.8 hours on the Davis claim prior to the offer of settlement and 10.6 hours on the Preston claim prior to the offer of settlement. (Def.'s Reply at 6.)

the number of hours billed by Plaintiff's counsel and the reasonableness of the hourly rate utilized by counsel.

### B. <u>Plaintiffs' Prevailing Party Status</u>

With the exception of the aforementioned argument, Defendant does not specifically challenge either the number of hours billed by Plaintiffs' counsel or the Plaintiffs' prevailing party status. Whether the plaintiff is a "prevailing party" under 20 U.S.C. §1415(i)(3)(B) is a "question of law" for the court to decide "based on the administrative record and the hearing officer's decision." *Artis v. District of Columbia*, 543 F. Supp.2d 15, 22 (D.D.C. 2005). In the case of Plaintiff Davis, the Hearing Officer found that Petitioner was entitled to judgment as a matter of law and granted summary judgment in Petitioner's favor, and there is no dispute that Plaintiff Davis was a prevailing party.

In contrast, this Court finds that a reduction in attorney's fees for Plaintiff Preston is warranted on grounds that some of the legal work performed on Plaintiff's behalf relates to issues on which she did not prevail. "When a prevailing party . . . prevails on only some of its claims, *Hensley* provides a two-step inquiry to determine what attorneys' fees may be recovered." *A.B. v. D.C.* , Civil Action No. 10-1283 (ABJ), 2014 WL 346058 *5 (citing *Hensley*, 461 U.S. at 434; remaining string cite omitted). The first prong of *Hensley* involves reviewing the unsuccessful claims to determine if they were unrelated to the successful claims. The second prong requires considering whether "the plaintiff achieved[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434.

With regard to the first prong of *Hensley, id.,* the Court finds that Plaintiff did not prevail on some rather discrete issues, specifically, her allegations that: 1) DCPS failed to provide an IEP during SY 2010/2011 (dating back to March 20, 2011), SY 2011/2012 (from the

beginning of the school year through March 2012), and SY 2012/2013 (from December 20, 2012); 2) DCPS failed to provide an appropriate placement for the period from March 20, 2011 through the end of that school year and 3) any claim for compensatory education. (Motion Exh. 5.) "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 440. Accordingly, the first prong of *Hensley* weighs in favor of reducing Plaintiff Preston's recovery of attorney's fees.

Regarding the second prong of *Hensley*, "it is the *degree* of plaintiff's success that is the critical factor to the determination of the size of a reasonable fee." *A.S. v. District of Columbia,* 842 F.Supp.2d 40, 47 (D.D.C. 2012) (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 786 (1989) (emphasis in original)). In the instant case, the Hearing Officer ordered DCPS to provide funding for an independent comprehensive psychological examination for the Student [Preston], which included clinical, academic, cognitive and educational components and a social history; to convene an IEP meeting to review and revise the IEP as appropriate; and to determine placement/location of services. (Exh. 5 at 9-10.) The Court notes that the Hearing Officer concluded that Petitioner met her burden of proof on the evaluation issue but did not meet her burden of proof on a portion of her claims that DCPS failed to provide IEPs and provided an inappropriate placement. (Exh. 5 at 8.) Nor did the Hearing Officer award any compensatory education to Plaintiff Preston because the Petitioner failed to present "even a scintilla of evidence regarding the form and amount of compensatory education required to place Student in the position she would have occupied but for DCPS's denial of a FAPE." (Exh. 5 at 8.) The degree of Plaintiff's success weighs in favor of a reduction in fees. Because it is impossible to separate out the hours billed for legal work pertaining to issues on which the

Plaintiff did and did not prevail, Plaintiff Preston's reimbursement for legal fees [hours claimed] should be reduced overall by 30% to reflect the fact that Plaintiff Preston was a partially prevailing party.

### C. Reasonableness of Hourly Rates

Plaintiffs offered evidence sufficient to establish their attorney's experience, skill, and reputation in IDEA matters. (Memorandum at 4-6; Motion, Exh. 9 [Declaration of Carolyn Houck, Esq.] ("Houck Decl."), Exh. 10 [Declaration of Kimberly Glassman].) Plaintiffs contend that their attorney, Ms. Houck, should be compensated at a rate of $445.00 per hour for work performed. (Memorandum at 4-6; Exh. 9 [Houck Declaration].) Plaintiff's counsel utilizes the hourly rates set forth in the *Laffey* Matrix for June 1, 2012 through May 31, 2013, for attorneys with 11-19 years of experience, noting that these rates have been applied in many IDEA fee cases and are reasonable. (Memorandum at 4-6; Motion Exh. 8 [*Laffey* Matrix].)

The *Laffey* Matrix was created to follow rates charged by litigators who practice complex federal litigation in the District of Columbia, which are presumptive maximum rates for such litigation. *See Laffey v Northwest Airlines, Inc.*, 572 F. Supp. 354, 374 (D.D.C. 1983) *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984) ("the relevant legal market in this action is complex employment discrimination litigation"). The United States Attorney's Office for the District of Columbia updates the Matrix annually to reflect increases in the local Consumer Price Index.[10] *Rooths v. District of Columbia,* 802 F. Supp. 2d 56, 61 (D.D.C. 2011). Applying *Laffey* rates would provide Ms. Houck, an attorney who has practiced exclusively in the field of special education since 1997, (Motion Exh. 9 ¶7), with $445.00 per hour for work performed from October 2, 2012 through May 31, 2013, and $450.00 per hour for work from

---

[10] The *Laffey* Matrix is available at http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2013.pdf.

June 1, 2013 through July 18, 2013 for Plaintiff Davis, and with $445.00 per hour for work performed from February 1, 2013 through May 31, 2013 and $450.00 per hour for work performed from June 1, 2013 through September 20, 2013 for Plaintiff Preston. (Motion Exhs. 3&6 [Davis and Preston billing records], Motion Exh. 8.)[11]

Defendant opposes the use of the *Laffey* Matrix for calculating hourly rates and acknowledges that "there is a split among judges in this Court as to whether the *Laffey* rate or some other rate should apply in these cases[;] [s]everal judges in this Court have held the *Laffey* matrix to be inapplicable and have instead compensated attorney fees at a rate equal to three-quarters (3/4) of *Laffey* or less." Cross-Motion at 6 (string cite in footnote omitted)). The District asserts that "Plaintiff's counsel does not even acknowledge that this body of case law exists[;] [i]nstead, plaintiff offers that the *Laffey* rate is presumptively reasonable, a view which is not prevalent in recent litigation." (Cross-Motion at 6.)

Plaintiff argues that "[c]ourts in this district routinely refer to the *Laffey* matrix to determine the reasonableness of requested attorney's fees in IDEA action." (Pls.' Reply at 4) (citing *B.R. ex. rel. Rempson v. District of Columbia*, 802 F. Supp. 153, 164 (D.D.C. 2011)). Judges in this Court have routinely used *Laffey* rates to determine reasonable attorney's fees in IDEA cases. (Pls.' Reply at 4 (citations omitted)). While the Court agrees that *Laffey* rates may be used as a starting point, federal courts do not automatically have to award *Laffey* rates but instead they may look at the complexity of the case and use their discretion to determine whether such rates are warranted. *See Brighthaupt*, 2014 WL 1365506 at *2 (recognizing that *Laffey* rates may be used as "an appropriate starting point for determining rates of reimbursement for attorneys who challenge the decisions of the DCPS.") Where issues are complex, the full *Laffey*

---

[11] Plaintiffs' counsel charged $445 per hour for all work done on both cases despite the fact that the *Laffey* matrix provides a rate of $450/hour for hours billed on or after June 1, 2013 and some of the hours billed fell within this time frame. (Motion, Exhs. 3 & 6; Motion Exh. 8.)

rates have been awarded by some judges in this Court. *See, e.g., A.S. v. District of Columbia*, 842 F. Supp. 2d 40, 48-49 (D.D.C. 2012) (involving a four day hearing, one hundred and five proposed exhibits, and ten witnesses); *Bucher v. D.C.*, 777 F. Supp.2d 69, 74 (D.D.C. 2011) (a four day hearing, forty-two proposed exhibits and nine witnesses for plaintiff, including five experts).

In contrast, where the issues are not complex, insofar as there is no pre-hearing discovery, no lengthy argument, and few, if any, motions, some judges in this Court have awarded reduced *Laffey* Matrix rates. *See Brighthaupt*, 2014 WL 1365506 at *3 (April 2, 2014) finding that none of the three cases involved issues that were complex but instead that they proceeded in a "fairly routine fashion"). *See also McAllister v. D.C.*, No. 11-CIV-2173 (RC), 2014 WL 901512 at *9 (D.D.C. March 6, 2014) (finding *Laffey* Matrix rates unwarranted because the hearings at issue lacked complexity; there were few or no witnesses, limited contested issues and in one case, a default judgment was entered due to defense counsel's failure to appear); *Wright v. D.C.,* No. 11-CIV-384, 2012 WL 79015 at *4 (D.D.C. Jan. 11, 2012) (involving a one day long routine administrative proceeding where the time counsel spent preparing for the hearing was nominal); *Rooths v. D.C.*, 802 F.Supp.2d 56, 63 (wherein the trial court noted that "Like most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law.")

Plaintiffs contend that in order to prevail in the instant case, undersigned counsel was "required to have knowledge of the psychological and academic issues involved in the minor students' disabilities, understand the procedural rules and substantive legal issues, and be prepared to present a log of this information in a cohesive and logical manner at a due process hearing." (Pls.' Reply at 3.) What Plaintiffs have described is the basic level of competency that

any litigator needs to possess. Plaintiffs further assert that the instant case was not "run of the mill" and did not involve "only routine administrative hearings." (Pls.' Reply at 3.) Plaintiffs however fail to point to anything specific that demonstrates the complexity of the administrative proceedings. Accordingly, the Court looks to the record in this case to determine the complexity of Plaintiffs' administrative proceedings.

With regard to Plaintiff Davis, the Hearing Officer resolved the case by an Order granting Petitioner's Motion for Summary Judgment on May 16, 2013, prior to any due process hearing. (Motion Exh. 2). The Hearing Officer found that DCPS failed to evaluate the Student and had no valid defense for its inaction. (*Id.*) With regard to Plaintiff Preston, the parties participated in a resolution session on April 24, 2013, and a prehearing conference on April 29, 2013. (Motion Exh. 5 at 2.) At the May 13, 2013 Due Process Hearing, Petitioner had 7 documents and DCPS had 16 documents that were admitted into the record without objection and the Student and Clinical Social Worker were the only witnesses. (Motion Exh.5 at 2, 11.) The Preston HOD does not support Plaintiff's sweeping statements that this litigation was complicated. Nor do the Attorney's billing records indicate that counsel had to address any issues that were out of the ordinary or particularly time-consuming when preparing for the Due Process Hearing.

The Court does not dispute that Ms. Houck's knowledge of IDEA law, experience, and her understanding of the procedural aspects of administrative hearings helped her to obtain a favorable decision for her clients. Like *Brighthaupt* and *Rooths*, however, no evidence exists that the Preston hearing presented a novel legal issue or was significantly more complex than most IDEA hearings, and the Davis case was resolved on a motion without a due process hearing. The Court finds that these are straightforward non-complex cases seeking IDEA legal fees where the hourly billing rates should be calculated as three-quarters of the *Laffey* rates. Ms.

Houck's rate is thus reduced to $333.75 per hour for hours through May 31, 2013, and $337.50 per hour thereafter.

Plaintiffs' counsel billed for travel time by charging 50% of her hourly rate (Motion, Exhs. 3 & 6), which should be reduced to $ 168.75 per hour (Davis) and $166.88 per hour (Preston). *See Bucher v. D.C.*, 777 F.Supp.2d 69, 77 (D.D.C. 2011)) (explaining that in this Circuit, travel time is compensated at half of the attorney's rate.)

### D. Costs

Plaintiff Preston requests reimbursement of costs in the amount of $18.00 for parking. (Motion, Exh. 6.) Defendant does not address this charge, which should be reimbursed at cost.

### E. Calculation of Charges

For the reasons stated above, Plaintiffs' Motion for Summary Judgment [10] is granted in part and denied in part and Defendant's Cross-Motion for Summary Judgment [12] is granted in part and denied in part. In the case of Plaintiff Davis, Ms. Houck documented 22.3 hours at $445.00/hour and 2.4 hours at $222.50/hour. (Motion Exh. 3.) Taking into account the initial upward adjustment of counsel's hourly rates from $445.00/hour to $450.00/hour, to correspond to the *Laffey* Matrix rate change on June 1, 2013, and the reduction in hourly rates corresponding to this Court's application of 75% of *Laffey* Matrix rates, and the reimbursement of travel time at half of the hourly rate, Plaintiff Davis should be awarded fees as follows:

- 16 hours at $333.75/hour
- 6.3 hours at $337.50/hour
- 2.4 hours at $168.75/hour

Plaintiff Davis is entitled to attorney's fees totaling $7,871.25.

In the case of Plaintiff Preston, Ms. Houck documents 30.6 hours at $445.00/hour and 2.6 hours at $222.50/hour. (Motion Exh. 6.) Taking into account the aforementioned factors coupled with this Court's 30% reduction in hours based upon Plaintiff Preston's partially prevailing status, Plaintiff Preston should be awarded fees as follows:

- 19 hours at $333.75/hour (reduced from 26.6 hours)
- 3 hours at $337.50/hour (reduced from 4 hours)
- 2.6 hours at $166.88/hour (not reduced)

Costs in the amount of $18.00 should also be awarded. Plaintiff Preston is entitled to attorney's fees and costs totaling $7,805.64.

Date: October 16, 2014  _____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE